UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| DAMIEN A. SUBLETT | ) | |
| Petitioner, | ) ) ) | Civil Action No. 5:20-cv-00060-GFVT |
| v. | ) ) | |
| JOHN DOE, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Plaintiff Damien A. Sublett is an inmate currently confined at the Lee Adjustment Center ("LAC") in Beattyville, Kentucky. Proceeding without an attorney, Sublett has filed a civil rights action against prison officials. [R. 1.] On March 4, 2020, this Court entered an Order granting Sublett's motion to proceed *in forma pauperis* and permitting him to pay his filing fee in installments. [R. 7.] The Court ordered Sublett to pay an initial partial filing fee of $7.66 to the Clerk of the Court within 28 days from the date of the Order. [*Id.*] However, more than 28 days have passed and Sublett has failed to pay any fees to the Clerk of the Court.

Even so, the Court will dismiss this case upon initial screening of the complaint. Because the Court granted Sublett's motion to proceed without prepayment of the filing fee, the Court must conduct a preliminary review of Sublett's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997), abrogated on other grounds, *Jones v. Bock*, 549 U.S. 199 (2007).

Sublett's complaint alleges that on January 1, 2020, two unidentified correctional officers at the LAC entered Sublett's room while he was sleeping and directed him to undress for a strip search. [R. 1.] After Sublett protested, an unknown lieutenant entered the room and ordered Sublett to obey the correctional officers. Sublett claims that these actions were against "Policy 9.8." At this point in the complaint, Sublett's allegations consist of rambling, incomplete statements, so the factual and legal basis for his claims are not entirely clear. Sublett refers to a statement made by a sergeant in a disciplinary report against Sublett and Sublett's request that the dorm video be kept "and the Court Call tape Audio, for Sublett's Law Suite, this request was made verbally and via letter to the Deputy Warden." [*Id*. at 3.] Sublett then states that he was sexually assaulted at "KSP" (presumably referring to the Kentucky State Penitentiary) and that "this unlawful action" caused him to attempt suicide and to suffer from extreme depression, fear, and pain. [*Id*.] He also states that, in February, correctional officers and a lieutenant told him to stop filing grievances against prison officials "and lawsuit against Deputy Commissioner Randy White." [*Id*.] Sublett refers to a visit by Mr. White to LAC seven to ten days before he was strip searched and a grievance that he filed against correctional officials at the Green River Correctional Complex in December 2019. He states that officers searched his cell, leaving it in disarray. [*Id*.]

His complaint does not identify any rights under the Constitution that he claims have been violated, nor does it otherwise identify a federal law or regulation giving rise to his claims. He also does not indicate whether he filed a grievance related to his claims under Kentucky Department of Corrections CPP 14.6 and, if so, whether he fully exhausted his administrative remedies related to his claims before filing this lawsuit. His complaint identifies the following Defendants: an unknown male correction officer at LAC, a correction officer identified as

2

"Jewel-unknown-male," and "Lieutenant Unknown." [R. 1 at 1.] As relief, he seeks compensatory damages in the amount of $50,000.00 and punitive damages in an amount in excess of $1 million. [*Id*. at 6,]¹

However, the Court has reviewed Sublett's complaint and concludes that it must be dismissed for failure to state a claim for relief. A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). *See also* Fed. R. Civ. P. 8. "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). Moreover, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Twombly*, 550 U.S. at 555-56. In addition, the Court evaluates Sublett's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). However, the principles requiring generous construction of *pro se* pleadings are not without limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Wilson v. Lexington Fayette Urban County Government*, 2007 WL 1136743 (E.D. Ky. April 16, 2007). Vague allegations

---

¹ Because of Sublett's irregular placement of a comma and a decimal point, it is not clear whether he requests $1 million or $10 million in punitive damages.

that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are not sufficient. *Laster v. Pramstaller*, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008).

Sublett seeks to pursue his claims for damages pursuant to 42 U.S.C. § 1983. To state a claim for damages under § 1983, a plaintiff must "plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676. Thus, to be held liable under § 1983, a defendant must have personal involvement in the alleged unconstitutional conduct. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). However, Sublett's complaint does not sufficiently allege a violation of his constitutional rights, nor does it adequately allege that any particular defendant was personally involved in unconstitutional conduct.

As an initial matter, Sublett's complaint does not identify *any* constitutional right that he claims has been violated. Although the Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, it has no authority to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."). The Court is not required to create a claim for the plaintiff, nor to "conjure up unpled allegations." *Moorman v. Herrington*, 2009 WL 2020669, at *1 (W.D. Ky. July 9, 2009) (citations omitted). Thus, because Sublett fails to identify any constitutional provision that he claims has been violated, his complaint fails to state a claim for relief under § 1983.

It is true that, after filing his complaint, Sublett requested to "supplement" his complaint to "add a 4th Amendment claim of bodily invasion of privacy." [R. 6.] However, this motion was denied because Sublett's proposed "supplement" was not in the nature of a supplemental

4

pleading permitted under Fed. R. Civ. P. 15(d) because it did not set out an occurrence or event that happened after the date of his complaint but was, instead, a motion to amend his complaint. [R. 7.] The Court further found that, even if Sublett's motion were construed as a motion to amend his complaint, Sublett failed to tender a proposed amend complaint, as he is required to do. [*Id*.] Finally, the Court noted that Sublett has a long history in this and other courts of repeatedly filing non-cumulative, piecemeal "supplemental" complaints, resulting in a "complaint" that is not one document, but is instead made up of separate pleadings filed at multiple docket entries, making it unduly difficult for both the defendants and the Court to identify the nature of Sublett's claims and the parties against whom they are alleged. [R. 7 at 2.] Sublett has continued to employ this improper litigation tactic, despite being warned against doing so in multiple cases. *See Sublett v. Helton, et al.*, No. 0:19-cv-004-HRW (E.D. Ky. 2019) at R. 15 at 5-6; R. 17 at 4-5; *Sublett v. Howard, et al.*, No. 0:18-cv-084-HRW (E.D. Ky. 2018) at R. 10. In light of Sublett's past conduct, the Court was clear that if Sublett wished to amend his complaint, he would be required to follow the Court's rules and file a motion seeking leave to amend his complaint *and* attach a copy of the proposed amended complaint that is cumulative, meaning that it includes *all* the allegations, claims, and defendants (old and new) in a single, updated document. [R. 7 at 2-3.]

      Over a month has passed since the Court denied Sublett's motion to supplement his complaint and he has made no effort to file a proper motion to amend his complaint. Instead, he has filed three proposed summonses issued to individuals not identified as Defendants in his original complaint. [R. 8.] It should no longer need to be said that, to the extent Sublett seeks to amend his complaint to add these individuals as defendants, submission of these proposed summonses (with nothing more) is not the way to do so. Even a court's "special solicitude"

towards *pro se* litigants "does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights." *Pandozy v. Segan*, 518 F. Supp. 2d 550, 558 (S.D.N.Y. 2007)

      Regardless, even if the Court construed his claim as sounding in the Fourth Amendment, the factual allegations of his complaint, if true, do not rise to the level of a constitutional violation. At most, he alleges that he was subjected to a visual strip search in his cell. However, strip searches in a prison setting are not *per se* unreasonable. *Bell v. Wolfish*, 441 U.S. 520, 558 (1979). The Supreme Court has long adhered to the rule that maintaining safety and security in a prison environment requires inmates to sacrifice some measure of the rights they previously enjoyed in civil society. *Id*. at 540-46 (1979). Among these is the right to personal privacy, and thus inmates may be subjected to searches of their person and property without violating their constitutional rights. *Florence v. Bd. of Chosen Freeholders of County of Burlington*, 566 U.S. 318, 328-30 (2012).

      Strip searches, in some circumstances, may be more invasive. *Stoudemire v. Mich. Dept. of Corr.*, 705 F. 3d 560, 572-73 (6th Cir. 2013) ("a strip search, by its very nature, constitutes an extreme intrusion upon personal privacy ...") (quoting *Wood v. Clemons*, 89 F. 3d 922, 928 (1st Cir. 1996)). Consideration of several factors, such as the location of the search, the manner in which it was conducted, and the necessity for the search, may render the search unreasonable under the Fourth Amendment. *Id*. at 572. *See also Bell*, 441 U.S. at 559 ("The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the

6

particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.").

Here, Sublett alleges that the strip search was conducted in his room/cell and did not involve any physical contact with prison guards. [R. 1 at 2-3.] At the pleading stage, a plaintiff is only required "to plausibly allege - rather than demonstrate - that the jail acted unreasonably." *Williams v. City of Cleveland*, 771 F. 3d 945, 954 (6th Cir. 2014). However, Sublett's allegations establish only that a visual strip search occurred; he makes no allegations supporting an inference that the visual strip search was unreasonable. Indeed, other courts facing claims arising from strip searches conducted under similar circumstances have found no constitutional violation. Cf. *Kick v. Christian Co., Ky.*, 2017 WL 2312698, at *2-3 (W.D. Ky. May 26, 2017) (dismissing Fourth and Eighth Amendment claims for no-contact strip search of inmate conducted in presence of other inmates). *See also Johnson v. Cowling*, 2019 WL 4189491, at *2 (E.D. Mich. Sept. 4, 2019) (dismissing Fourth Amendment claim on initial screening where plaintiff did not "allege that he was searched in front of correction officers of the opposite sex, that the search was conducted in front of numerous other prisoners (records indicate that there were only two other prisoners present), or that the search was performed in an overly invasive way."); *Schleben v. Clifford*, 2008 WL 4512850, at *3–4 (E.D. Mich. Oct. 3, 2008) (plaintiff's allegation contesting only the "manner" and "place" of the strip search by claiming that "[t]he fact that [he] was strip searched in front of cameras violated his Fourth Amendment right to privacy as it degraded him and humiliated him," even if taken as true, does not state a claim of constitutional magnitude.).

In addition, while Sublett's complaint names an unidentified male corrections officer, a male corrections officer identified only as "Jewel", and an unidentified Lieutenant as defendants,

his factual allegations fail to clearly articulate what any of these particular individuals did or did not do to violate Sublett's constitutional rights. Indeed, his complaint makes no allegations against "Jewel" at all. Personal liability in a § 1983 action hinges upon the defendant official's personal involvement in the deprivation of the plaintiff's civil rights. *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003); *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). Accordingly, federal notice pleading requires, at a minimum, that the complaint advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Grinter v. Knight*, 532 F. 3d 567, 577 (6th Cir. 2008). Sublett's broad and generic allegations do not satisfy that minimum pleading requirement.

Finally, although Sublett alleges that an "unlawful action" caused him to suffer extreme depression, fear, pain, and to attempt suicide, the "unlawful action" to which he refers in his complaint is not the visual strip search that occurred at LAC, but rather the sexual assault that he claims occurred while he was incarcerated at KSP, which is a separate correctional facility that is not located within this judicial district.[2] Specifically, Sublett states, "Sublett was sexually assaulted at KSP in the shower and this unlawful action caused Sublett to attempt suicide and extreme depression and fear and pain." [R. 1 at 3.] Sublett cannot seek to recover against officers at LAC based on an event that occurred at another facility.

However, even if the Court were to generously construe Sublett's allegation to connect his emotional trauma to the strip search at LAC, Sublett does not allege that he suffered any *physical* injury from the visual strip search, and federal law does not permit recovery for purely emotional harm in a civil rights action. 42 U.S.C. § 1997e(e) ("No Federal civil action may be

---

[2] KSP is located in Eddyville, Kentucky, which is within the Western District of Kentucky.

8

brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury."). This statute prohibits a constitutional claim arising from a strip search where the search does not cause physical injury. *Jackson v. Herrington*, 393 F. App'x 348, 354-55 (6th Cir. 2010) ("absent injury related to the strip search, his Eighth Amendment claim is not cognizable under § 1997e(e)."); *Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003) (same); *Bey v. Garber*, 2000 WL 658721, at *1 (6th Cir. May 12, 2000) (same). While the distress and emotion harm that Sublett may have suffered is regrettable, federal law provides that it is not a sufficient foundation upon which to base a claim under § 1983.

For all of these reasons, Sublett's complaint fails to state a claim for which relief may be granted and his complaint will be dismissed.

Accordingly, **IT IS ORDERED** that:

1. Sublett's Complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. Any pending request for relief is **DENIED AS MOOT**.

3. The Court will enter an appropriate judgment.

4. This matter is **STRICKEN** from the Court's docket.

This 23d day of April, 2020.

Gregory F. Van Tatenhove
United States District Judge